IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAVIER VALLE-DIAZ,<br><br>　　　　Defendant. | No. 6:12-cr-00106-AA<br><br>OPINION AND ORDER |

AIKEN, Chief Judge:

On September 7, 2012, defendant pled guilty to one count of possession with intent to distribute fifty grams or more of methamphetamine. On November 16, 2012, defendant was sentenced to a term of 84 months' imprisonment, the low end of the applicable sentencing guideline range. Defendant did not directly appeal his conviction or sentence.

Defendant now moves to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

1    - OPINION AND ORDER

Defendant generally alleges that his counsel rendered ineffective assistance by representing to defendant that he would receive a sentence between 31 and 39 months, when defendant was ultimately sentenced to 84 months. Defendant also claims that his attorney did not mention the possibility of a longer sentence until the day of sentencing. Defendant further alleges that his counsel promised to appeal the sentence but never did. However, defendant fails to show deficient performance on the part of counsel or prejudice resulting from counsel's alleged failures.

To demonstrate ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty and would have proceed to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990).

Here, the record belies defendant's assertion that counsel failed to explain the consequences of his plea agreement or misrepresented the potential sentence he faced. In his plea petition and in open court, defendant represented that he pled guilty freely and voluntarily with the full understanding of the

allegations set forth in the information and his plea agreement. Plea Pet. (Doc. 40); Transcript of Proceedings (Tr.) 6-12, 15-21 (Sept. 7, 2012). Defendant also stated that he had a full and adequate opportunity to consult with his counsel, that his attorney explained the effect of the plea agreement, and that his attorney discussed the sentencing guidelines with him. Tr. 6-7, 22 (Sept. 7, 2012). In fact, the court held a proceeding where the specific sentencing range was discussed and the court advised defendant that neither the court nor counsel could provide certainty as to the sentence impose. Tr. 9-13 (July 13, 2012). Further, the record reflects that defense counsel requested a sentence of 80 months, contradicting defendant's assertion. Tr. 6 (Nov. 16, 2012). Defense counsel also represents that she did not advise defendant that he would receive a 36-month sentence. Govt. Ex. B.

At most, defendant claims that his sentence was greater than that anticipated by counsel. However, an erroneous sentencing prediction by counsel is not considered ineffective assistance of counsel. Doganiere, 914 F.2d at 168; see also United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"). Rather, "[a] gross mischaracterization of the likely outcome . . . combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." Iaea v. Sunn, 800 F.2d

861, 865 (9th Cir. 1986). Here, defendant does not show that counsel "grossly mischaracterized" the likely outcome or provided erroneous advice as to the consequences of trial. Moreover, given the nature of the plea agreement negotiated by counsel and the relatively favorable sentence imposed as a result, defendant fails to establish deficiency or any resulting prejudice.

With respect to counsel's failure to file an appeal, defense counsel asserts that defendant never asked her to file an appeal. Govt. Ex. B. Moreover, the plea agreement reflects that defendant generally waived his right to appeal, and no exception to that waiver would have permitted an appeal of defendant's sentence. Plea Agreement ¶ 12. Accordingly, defendant fails to show deficient performance or prejudice.

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 48) is DENIED.

IT IS SO ORDERED.

Dated this 22 day of January, 2014.

*/s/ Ann Aiken*
Ann Aiken
United States District Judge

4    - OPINION AND ORDER